**JACOB ARONAUER, ESQ.**
Law Offices of Jacob Aronauer
225 Broadway, 3ʳᵈ Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

January 5, 2018

**Via ECF and Regular Mail**
Hon. Kathleen Parker
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    Merino v. Abrahim, et al.
              17-cv-08783 (AT) (KHP)

Dear Judge Parker:

      Plaintiff Jesus Lopez Merino ("Plaintiff") and Defendants Albion Wholesale Flowers Inc., United Wholesale Florist, Ltd. d/b/a Albion Wholesale Flowers and Mohamed Abrahim, individually ("Defendants") jointly request that your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed herein as Exhibit A.

      Plaintiff sued for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. and the New York Labor Law ("NYLL"). Plaintiff also sought statutory damages based on Defendants' alleged failure to provide certain notices that are required under the NYLL. Defendants claim that Plaintiff at all times was paid all the amounts that were due to him, and that Defendants' actions fully complied with federal and state law.

      There were a number of hotly contested issues. Plaintiff claims he was required to perform overtime but was not paid for his labor. Defendants deny all of Plaintiff's allegations of unlawful practices and policies. Furthermore, Defendants maintain that Plaintiff's assertion of the number of overtime hours worked were inflated, and in fact contend that he never worked overtime and had another part-time job where he worked during some of the hours Plaintiff contends that he worked for Defendants. Defendants also maintain that Plaintiff was not entitled to any liquidated damages in the event that he was found to have not been paid for all his overtime worked.

      Plaintiff believes that if he were to prevail on all of his claims, inclusive of liquidated damages and the New York Wage Theft Prevention Act, the total amount would be approximately $38,000.00. If Defendants prevailed on just their stronger defenses, Plaintiff would not be entitled to any recovery. The gross settlement amount is $33,000.00 in one lump sum.

The settlement agreement provides that this amount will be allocated as follows: (1) Plaintiff will receive $23,250.00 and (2) Plaintiff's counsel will receive $9,750.00. The foregoing settlement was reached after settlement discussions following the filing and serving of the complaint.

I ask that the Court note that the retainer agreement I had with my client called for this office to receive 1/3 of any recovery and, in addition, to be reimbursed for all court expenses. However, in light of the fact that this office was able to obtain both a quick and a strong recovery for Plaintiff, I volunteered to take less than the amount set forth in my retainer agreement. Often, in FLSA cases against small businesses (such as this case), settling the case earlier enables one's client to receive the best overall possible outcome.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11ᵗʰ Cir. 1982)).

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of his hours worked is sufficient to prove the hours that he worked and the wages that he received (*see Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007)), his recollection is not binding on the fact finder. Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to his claimed hours.

The settlement provides, with certainty, that Plaintiff will receive (assuming his assertions were correct) all of his unpaid wages and some of his liquidated damages. If Defendants' strongest defenses are given credence, Plaintiff would recover significantly less than his claimed unpaid wages—if any. Given the sharp divisions in the parties' version of events, the fact that all trial witnesses would have an interest in the outcome, and the limited documentary evidence available, this range of recovery is reasonable.

The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues. We jointly request the settlement agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
   Mr. Todd Gutfleisch, Esq..
   *Attorney for Defendants*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JESUS LOPEZ MERINO,                                   Civil Action No. 17-cv-08783
                                                      (AT) (KHP)

                                    *Plaintiff,*

                    -*against*-

                                                      **SETTLEMENT AGREEMENT**

ALBION WHOLESALE FLOWERS INC., and UNITED
WHOLESALE FLORIST, LTD. d/b/a ALBION
WHOLESALE FLOWERS and MOHAMED ABRAHIM

                                    *Defendants.*
----------------------------------------------------------------X

    This Settlement Agreement and Release of Claims (the "Agreement") is entered into by and between Plaintiff, JESUS LOPEZ MERINO and his heirs, executors, administrators, successors and assigns ("Plaintiff" or "Merino"), and Defendants ALBION WHOLESALE FLOWERS INC., UNITED WHOLESALE FLORIST, LTD. d/b/a ALBION WHOLESALE FLOWERS and MOHAMED ABRAHIM, individually and their respective affiliates, parents, insurers, subsidiaries, divisions, predecessors, heirs, successors, assigns, executors, administrators, and their current and former members, owners, shareholders, partners, employees, officers, directors, agents and attorneys, (collectively, "Defendants").

    WHEREAS, Merino has alleged that he was personally employed by Defendants; and

    WHEREAS, a dispute arose regarding Plaintiff's employment and the alleged terms thereof, which resulted in his commencing an action in the United States District Court for the Southern District of New York; Docket No. 17-cv-08783 (AT)(KHP) (the "Litigation"), in which he alleged violations of federal and New York state wage and hour and overtime laws; and

    WHEREAS, Defendants deny any liability for the alleged violations of federal and state wage and hour notice and overtime laws; and

    WHEREAS, the parties desire to resolve all disputes between them without the necessity, risks, uncertainty, and expense of further litigation;

    NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Recitals:** The recitals above are incorporated herein.

2. **Payments to Plaintiffs:** In full satisfaction of all of the claims that Plaintiff has against Defendants in connection with the Litigation and otherwise, within thirty calendar days (30) of

Court approval of the Settlement Agreement, Defendants shall pay to the Plaintiff the sum of Thirty Three Thousand Dollars and Zero Cents ($33,000.00) as follows:

a) The first check will be in the amount of Twenty Three Thousand Two Hundred and Fifty dollars and zero cents ($23,250.00) made payable to "Jesus Lopez Merino", which shall represent payment for unpaid wages and penalties;

b) The second check will be in the amount of Nine Thousand Seven Hundred and Fifty dollars and zero cents ($9,750.00) made payable to The Law Offices of Jacob Aronauer.

c) Albion Wholesale Flowers, Inc. ("Albion") shall issue an IRS Form 1099 to Plaintiff with respect to the payment referred to in paragraph 2(a). Plaintiff acknowledges and agrees that Defendants are not providing any tax advice or representation by this Agreement.  Plaintiff is personally responsible for payment of all taxes and any tax liability resulting from the amount of any settlement payments allocated to him and reported on the 1099. To the extent that there are any additional tax consequences to Plaintiff and/or Defendants arising from the payment other than those normally attendant to 1099 income, Plaintiff agrees to indemnify and hold Defendants harmless for all additional taxes, interest and penalties. Plaintiff further agrees to indemnify and hold Defendants harmless for any costs, including attorneys' fees, associated with the enforcement of this indemnification provision, should such enforcement measures become necessary. The Parties shall promptly notify each other of any claim by the IRS or any other governmental authority arising under this paragraph. Plaintiff shall provide ALBION and/or Mohamed Abrahim ("Abrahim") with a fully executed IRS form W-9 as a pre-condition to the issuance of this check.

d) The portion of the payment referred to in Article 2(b) is to be treated as 1099 income (for attorneys' fees and costs), not wages, under Internal Revenue Code 104(a)(2). The Law Offices of Jacob Aronauer and Plaintiff shall each receive an IRS Form 1099 with respect to this payment. The Law Offices of Jacob Aronauer shall provide ALBION and/or Abrahim with a fully executed IRS form W-9 as a pre-condition to the issuance of this check.

e) The parties acknowledge and agree that the payment covers all claims that were or could have been asserted under the Fair Labor Standards Act (the "FLSA") and New York Labor Law ("NYLL") by Plaintiff against Defendants.

f) Neither Plaintiff nor his counsel shall issue any notice or make any publication of or about this settlement, the terms hereof or the claims asserted. He shall not disseminate information to present or former employees of Defendants by any means, including, but not limited to, verbally, in writing, on the web, via internet posting, blogs or otherwise, unless so authorized by the Court.

g) In the Event of a Breach. If a breach of Paragraph 2(a) occurs, Plaintiff's counsel will provide a fourteen-day notice to cure the Defendants breach by sending a written notice

2

of the breach by e-mail to tgutfleisch@wechco.com. In the event that Defendants fail to timely cure within fourteen (14) days, Plaintiff shall be entitled to recovery attorney fees for work performed related to recovering monies under the settlement agreement.

3. **Effective Date and Revocation:** This Agreement shall become effective on the day the Court approves the settlement agreement.

4. **Voluntary Dismissal With Prejudice:** Upon full payment by Defendants, Plaintiff hereby authorizes and directs his attorney to execute and file with the Court the Stipulation and Order of Dismissal in the format attached hereto as Exhibit A or in any other format required by the Court, and by executing any other documents necessary to complete such dismissal with prejudice.

5. **Release and Covenant Not to Sue by Defendants:** Upon and subject to Plaintiff's compliance in full of his obligations under the terms of this agreement, Defendants hereby irrevocably and unconditionally release and forever discharge Plaintiff.

6. **Affirmations:** Other than the Litigation, Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any filed claim, complaint, or action against any of the Defendants in any forum.

7. **Full Settlement and Release:** Plaintiff represents and acknowledges that the amounts set forth in paragraph 2 above represent fair consideration for his release and other obligations under this Agreement, and Plaintiff specifically acknowledges that upon collection of all the payments set forth in paragraph 2 hereof, Plaintiff is not entitled to any additional payment for wages or other compensation from Defendants. Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims under the FLSA and NYLL, whether known or unknown, arising up to and including the date of the execution of this Agreement, which may exist against Defendants, including any claims for alleged violations of the FLSA and/or NYLL, and any claims for costs, fees, or other expenses, including but not limited to a claim for attorneys' fees or costs.

8. **No Admission of Wrongdoing:** This Agreement, and compliance with this Agreement, is and shall not be deemed to be or construed as an admission by Defendants of any violation of or liability under, any federal, state or local statute, rule, regulation, duty, contract, right, order or principal of common law or equity. Rather, this Agreement constitutes the good faith settlement and release of disputed claims, and it is acknowledged and agreed by the parties that this agreement is being entered into by the parties solely to avoid the burden, expense, delay and uncertainty of further litigation and to fully and finally resolve, settle and dismiss, with prejudice, any and all claims of any kind whatsoever, whether known or unknown, that Plaintiff has now or has ever had against any of the Defendants arising from his employment, the Claims or otherwise. Defendants expressly deny any wrongdoing of any kind with respect to Plaintiff. Neither party shall be considered a prevailing party and each party shall bear her, his or its own attorneys' fees, costs and expenses.

3

9. **Approval of Settlement and Dismissal of Pending Action:** For and in consideration of collection of the payments described in Paragraph 2 and the terms and conditions of this Agreement, the parties agree: (1) to dismiss the Litigation with prejudice by filing a stipulation in the form annexed hereto; and (2) not to re-file these causes of action, or any other causes of action against the Releasees for any claims whatsoever as defined in paragraph 7.

10. **Modification of the Agreement:** Any modification of this Agreement shall not be effective unless in writing and signed by the party to be charged with such change or modification.

11. **Acknowledgment:** It is further understood and agreed that the sum of $33,000.00 and the other good and valuable consideration provided for herein is not a mere recital but is the consideration for this Agreement and all terms herein, and the full and final release effected thereby. Plaintiff hereby represents and warrants that he entered into this Agreement of his own free will and accord, and in accordance with his own judgment. Plaintiff further acknowledges that he has been fully and fairly represented by counsel in this matter. Plaintiff, after consultation with his attorney, Jacob Aronauer, Esq., hereby states that he and his counsel have made a full and independent investigation of all of the facts and representations relating to this Agreement, and therefore state that they have not been induced to enter into this Agreement by any statement, fact or representation of any kind or character on the part of Defendants, or on the part of Defendants' agents, attorneys, servants, employees or representatives other than those specifically set forth herein. Plaintiff specifically acknowledges that the parties jointly prepared this Agreement and that he is signing this Agreement knowingly and voluntarily.

12. **Governing Law and Venue:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. It is expressly understood between the parties that Judge Torres, the Court in the Southern District of New York, United District Court will retain jurisdiction as to the enforcement of this Agreement. In the event that Judge Torres is unable to hear any dispute, the parties consent to bring any dispute before Magistrate Judge Parker in the Southern District of New York.

13. **Counterparts:** This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. Signatures on either E-mail or fax shall be deemed as effective as original signatures.

14. **Knowing and Voluntary Release of Claims.**

Plaintiff acknowledges and agrees that he:

    a) Carefully read this Agreement (and/or had it translated for him in Spanish) and fully understands its meaning;

4

b) Was advised to consult with an attorney before signing this Agreement, and that he did in fact consult with Plaintiff's Attorney regarding this Agreement;

c) Is receiving benefits which he would not otherwise receive but for his consent to enter into this Agreement; and

d) Is signing this Agreement, knowingly, voluntarily, and without any coercion or duress.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Dated: 12 - 29 17

JESUS LOPEZ MERINO

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF New York   )

On this 29 day of December, 2017, before me, the undersigned, appeared JESUS LOPEZ MERINO personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

5

Dated: 12/29/17 _____

_Mohmed Abral_ (signature)

MOHAMED ABRAHIM

LILIANA B A___
Notary Public, State of New Yor___
Registration #01AR5263645
Qualified In Queens County
Commission Expires 9/19/2020

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

On this 29 day of December, 2017, before me, the undersigned, appeared MOHAMED ABRAHIM personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____ (signature)
Notary Public
Dated: 12/29/17 _____

_Mohmed Abral_ (signature)

ALBION WHOLESALE FLOWERS INC.
BY: Mohamed Abrahim

LILIANA B ARCE
Notary Public, State of New York
Registration #01AR6268645
Qualified In Queens County
Commission Expires 9/19/2020

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

On this 29th day of December, 2017, before me, the undersigned, appeared Mohamed Abrahim _____ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____ (signature)
Notary Public
Dated: 12/29/17 _____

_Mohed Abral_ (signature)

UNITED WHOLESALE FLORIST, LTD.
BY: Mohamed Abrahim

LILIANA B ARCE
Notary Public, State of New York
Registration #01AR6268645
Qualified In Queens County
Commission Expires 9/19/2020

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

On this 29 day of December, 2017, before me, the undersigned, appeared Mohamed Abrahim _____ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____ (signature)
Notary Public

LILIANA B ARCE
Notary Public, State of New York
Registration #01AR6268645
Qualified In Queens County
Commission Expires 9/19/2020

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JESUS LOPEZ MERINO,                                 Civil Action No. 17-cv-08783
                                                    (AT)(KHP)

                              *Plaintiff,*

        -against-

                                                    **STIPULATION AND**
                                                    **ORDER OF DISMISSAL**

ALBION WHOLESALE FLOWERS INC., and UNITED
WHOLESALE FLORIST, LTD. d/b/a ALBION
WHOLESALE FLOWERS and MOHAMED ABRAHIM

                              *Defendants.*
------------------------------------------------------------------X

        IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above

captioned action, through the undersigned counsel, that the action (and all claims and causes of

action that were or could have been asserted in it) be withdrawn, discontinued and dismissed, with

prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

Dated: December __, 2017


By: Jacob Aronauer, Esq.                     By:    Todd Gutfleisch, Esq.
THE LAW OFFICES OF JACOB ARONAUER           WECHSLER & COHEN, LLP
225 Broadway, 3ⁿᵈ Floor                     17 State Street, 7ᵗʰ Floor
New York, New York 10007                     New York, New York 10004
*Attorney for Plaintiff*                     *Attorneys for Defendants*



SO ORDERED:


Dated: _____, 20__

                                            _____
                                            Hon. Analisa Torres


7