UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JESUS LOPEZ MERINO,

                      Plaintiff,

      -against-

ALBION WHOLESALE FLOWERS, INC., MOHAMED ABRAHIM, UNITED WHOLESALE FLORIST, LTD., d/b/a ALBION WHOLESALE FLOWERS

                      Defendants.

1:17-cv-08783 (KHP)

**ORDER OF DISMISSAL**

**KATHARINE H. PARKER, United States Magistrate Judge:**

      In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted a letter detailing why they believe the proposed settlement agreement is fair, reasonable, and adequate. (Dkt. 17.) This Court has reviewed the parties' submissions in order to determine whether the proposed agreement represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' letter and the terms of the proposed settlement agreement, it is hereby ORDERED that:

      1.      Paragraph 2(f) of the parties' proposed settlement agreement functions as a confidentiality clause and therefore must be stricken. The remainder of the terms of the

proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiff's claims in this action and to compensate Plaintiff's counsel for their legal fees, and the agreement is therefore approved.

2. In accordance with the parties' request, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement, if necessary.

3. As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs, provided, however, that, within 30 days of the date of this Order, if any aspect of written documentation of the settlement is not completed, then Plaintiff may apply by letter for the restoration of the action to the active calendar of the Court.

4. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
January 17, 2018

SO ORDERED

*Katharine H. Parker*

KATHARINE H. PARKER
United States Magistrate Judge

Copies to:

All counsel (via ECF)